Filed 8/28/14  Cooper v. Wedbush Morgan Securities CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RICK COOPER,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>WEDBUSH MORGAN SECURITIES, INC., et al.,<br><br>　　　Defendants and Respondents. | B241048<br><br>(Los Angeles County<br>Super. Ct. No. BS133853) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Rolf Treu, Judge.  Affirmed.

　　　Rosen & Associates, Robert C. Rosen, John B. Wallace and David Paul Bleistein for Plaintiff and Appellant.

　　　Charles B. LaChaussee and John L. Erikson, Jr., for Defendant and Respondent Wedbush Securities Inc.

　　　Stone Cha & Dean, Kristi W. Dean and Amy W. Lewis for Defendant and Respondent Stone, Rosenblatt & Cha.

　　　　　　　　　　_____

The 21-day "safe harbor provision" in Code of Civil Procedure section 128.7[1] is mandatory. (*Li v. Majestic Industrial Hills LLC* (2009) 177 Cal.App.4th 585, 595.) Appellant Rick Cooper filed a motion seeking sanctions under section 128.7 against Wedbush Mortgage Securities, Inc., Edward W. Wedbush (collectively, Wedbush), Wedbush's counsel, Debbie Saleh, and her attorneys Stone│ Rosenblatt │Cha (SRC), on the grounds that they filed frivolous oppositions and cross-petitions in response to Cooper's petition to confirm a $2.8 million arbitration award in his favor. On the 21st day, the trial court granted Cooper's petition and denied the cross-petitions, rendering the sanctions motion moot as the parties were not afforded the full safe harbor period to withdraw their oppositions and cross-petitions.

The principal issues presented in this appeal are whether the offending parties forfeited any challenge to Cooper's compliance with the safe harbor provision by failing to raise the issue in their opposition to the sanctions motion, and whether we should impose sanctions on Cooper for filing a frivolous appeal. We conclude there was no forfeiture and affirm the order denying sanctions. We further exercise our discretion not to impose sanctions on Cooper.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Underlying Arbitration*[2]

Cooper was Saleh's client when she worked at Wedbush Morgan Securities, Inc. In July 2009, Cooper filed a claim against Saleh, Wedbush Morgan Securities, Inc., and Edward W. Wedbush before the Financial Industry Regulatory Authority (FINRA) entitled *Rick Cooper et al. v. Debbie Michelle Saleh*, et al. FINRA Case No. 09-04522. Saleh did not make an appearance in the arbitration proceedings.

---

[1]     Unless indicated, all further statutory references are to the Code of Civil Procedure.

[2]     For purposes of background only, these facts are taken from the arbitration award in the court records. (Evid. Code, § 452, subd. (d).)

2

The three-member arbitration panel rendered an award of more than $2.8 million in Cooper's favor.

2. *Petition to Confirm Arbitration Award*

On September 12, 2011, Cooper filed a petition in the superior court to confirm the arbitration award. In response, Wedbush filed an opposition and cross-petition to vacate the arbitration award. SRC, as attorneys for Saleh, filed an opposition and cross-petition to vacate the arbitration award, and Saleh joined Wedbush's opposition and cross-petition.

After several continuances, a new hearing date was set for November 28, 2011.

Wedbush filed a motion for leave to conduct limited discovery set for November 28, 2011. The motion was based upon what Wedbush contended was evidence presented by Cooper in his opposition to the cross-petitions that indicated actual bias on the part of one of the arbitrators.

On November 28, 2011, the trial court granted Cooper's petition and denied the cross-petitions, rendering the discovery motion moot. Judgment was entered on December 13, 2011.

3. *Motion for Sanctions*

On November 7, 2011, Cooper personally served a motion seeking sanctions under section 128.7 against Wedbush, Wedbush's counsel, Saleh, and SRC. On November 28, 2011, the same day the trial court granted Cooper's petition, Cooper filed the sanctions motion.

Cooper's counsel filed a supplemental declaration on December 19, 2011 seeking $92,382.88 in sanctions. The amount sought represented the attorney fees and costs associated with responding to the cross-petitions and opposing Wedbush's discovery motion.

Wedbush's opposition to the sanctions motion raised the issue of whether the safe harbor period had run its course, arguing the sanctions motion was rendered moot

3

because the cross-petitions and discovery motion already had been "resolved by the Court when the current version of the sanctions motion was filed."[3]

Saleh and SRC did not raise failure to comply with the safe harbor period in their opposition.[4]

In its tentative ruling, the trial court addressed the failure to comply with the safe harbor period. "To the extent that Wedbush argues that the motion for sanctions is moot because the Court denied the cross-petition . . . prior to the filing of the motion for sanctions . . . , the Court agrees." The safe harbor period ended on November 28, 2011, the same day the trial court granted Cooper's petition and denied their cross-petitions to vacate the arbitration award. Thus, the offending parties did not have the full 21 days to withdraw their oppositions and cross-petitions.

During the March 6, 2012 hearing on the sanctions motion, Cooper's counsel argued that the parties had forfeited raising the compliance issue because the argument was not raised in opposition to the sanctions motion. Cooper's counsel also appeared to argue it was inappropriate for the court to raise the issue.[5] The trial court took the matter under submission and adopted its tentative ruling to deny the motion as the final order of the court.

---

[3]     Cooper argues that the reference to "current version" focuses on the supplemental declaration filed on December 19, 2011 after the trial court granted Cooper's petition to confirm the arbitration award.

[4]     Stone Cha & Dean, LLP represents SRC in these proceedings. Saleh did not file a responsive pleading in this appeal.

[5]     Cooper's counsel argued: "So his honor yesterday for the first time comes up with a brand new argument for the first time that we've never heard before that wasn't even raised by any of the parties to this action. And that new argument is basically that on November 7th we served the motion, on November 28th we filed the motion, 21 days later, and because we filed it on the 21st day, that the respondents were not given the full 21 days in order to cure or in order to correct or withdraw their offensive pleading, their offensive arguments."

4. *Motion for Reconsideration*

Cooper filed a motion for reconsideration. Cooper contended his counsel "had less than a day to brief and prepare for the Court's Tentative Ruling on March 5, 2012, on which it incorrectly denied the Motion for Sanctions on the grounds of failure to observe the 21-day safe harbor period in C.C.P. § 128.7(c)(1)." Cooper sought reconsideration under section 1008, subdivision (a) on the grounds that "new or different facts not previously considered," existed because the court's tentative ruling on the sanctions motion "came from left field" and constituted "unfair surprise."

The trial court denied the motion for reconsideration based upon Cooper's failure to present " 'new or different facts, circumstances, or law' " to satisfy the requirements of section 1008, subdivision (a). In its ruling, the court also addressed Cooper's argument that his counsel had been denied an adequate hearing on the sanctions motion. After reviewing the reporter's transcript of the hearing, the court's order denying the motion for reconsideration states: "The Court takes serious issue with the representation of Mr. Rosen that the Court would not 'permit' him to 'advise of the grave infirmities in its tentative ruling[.'] First, he does not provide the Court with a transcript to buttress his argument. Second, as above revealed, he is wrong. The Court admonishes and reminds counsel of Business and Professions Code [section] 6068 (b) and (d)."[6]

5. *Notice of Appeal, Request for Dismissal, Motion for Sanctions*

Cooper timely filed a notice of appeal.

Attorneys for SRC filed a motion to dismiss the appeal on the ground that the appeal is frivolous and moved for sanctions in the amount of $13,190. Cooper opposed

---

[6] Business and Professions Code section 6068 sets forth the duties of an attorney. Subdivision (b) states it is the duty of an attorney to "maintain the respect due to the courts of justice and judicial officers," and subdivision (d) states it is the duty of an attorney to "employ, for the purpose of maintaining the causes confided to him or her those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law."

the motion. We denied the motion to dismiss and deferred consideration of the motion to impose sanctions.

DISCUSSION

1. *Standards of Review and Applicable Law on Section 128.7 Sanctions*

Cooper contends the trial court erred in denying sanctions as the parties forfeited any challenge that he did not comply with the safe harbor provision of section 128.7, subdivision (c)(1)[7] because they did not raise the issue in opposing the sanctions motion. We generally review orders for monetary sanctions under the deferential abuse of discretion standard. (*Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 698.) The proper interpretation of a statute relied upon by the trial court as authority to award sanctions is a question of law that we review de novo. (*Ibid*.)

A motion for sanctions under section 128.7 is a two-step process. Initially, the moving party must serve on the offending party a motion for sanctions. Service of the motion begins the 21-day safe harbor period during which the motion may not be filed with the court. (*Martorana v. Marlin & Saltzman*, *supra*, 175 Cal.App.4th at p. 698.) " 'During the safe harbor period, the offending party may withdraw the improper pleading and thereby avoid sanctions. If the pleading is withdrawn, the motion for sanctions may not be filed with the court. If the pleading is not withdrawn during the safe harbor period, the motion for sanctions may then be filed.' " (*Ibid*.) The safe harbor period is mandatory and the full 21 days must be provided absent a court order shortening that time if sanctions are to be awarded. (*Li v. Majestic Industrial Hills LLC*, *supra*, 177 Cal.App.4th at p. 595.) "[R]esolution of the underlying issue during the safe harbor

---

**7** Section 128.7, subdivision (c)(1) provides, in pertinent part, "[a] motion for sanctions under this section shall be made separately from other motions or requests." And "[n]otice of motion shall be served as provided in Section 1010, but shall not be filed with or presented to the court unless, within 21 days after service of the motion, or any other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."

period improperly deprives the party who filed the offending pleading or motion of its right to the full safe harbor period." (*Ibid*.)

In this case, it is undisputed that the trial court granted Cooper's petition to confirm the arbitration award and denied the offending cross-petitions on the 21st day of the safe harbor period. The court's ruling deprived Wedbush, Saleh, and SRC of the right to the full safe harbor period.

Cooper contends, however, that Wedbush, Saleh, and SRC forfeited their right to challenge compliance with the safe harbor period, and therefore the trial court could not raise this issue. In support of this argument, Cooper relies on *Brickwood Contrs. v. Datanet Engineering* (4th Cir. 2004) 369 F.3d 385, 396 (en banc) for the proposition that the issue of whether a party has complied with the analogous rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.) (rule 11) is subject to forfeiture if not timely raised.[8] *Brickwood* simply holds that failure to comply with the safe harbor provision is not jurisdictional and is, therefore, subject to forfeiture. (*Brickwood*, at pp. 390-396.) The forfeiture argument Cooper presents, however, is not similar to *Brickwood*. In *Brickwood*, the failure to comply with the safe harbor provision was raised for the first time on appeal. (*Id*. at p. 388.) Here, the issue was raised in the trial court. Moreover, the Ninth Circuit has indicated that even when raised on appeal in the first instance, resolution of whether the non-compliance argument has been forfeited is subject to some discretion. (See, e.g., *Retail Flooring Dealers of America v. Beaulieu of America* (9th Cir. 2003) 339 F.3d 1146, 1150, fn. 5 ["Although Retail Flooring did not raise this argument before the district court, an appellate court can review an issue not raised nor objected to prior to appeal if necessary to prevent manifest injustice."].)

Even if we were to determine that Wedbush, Saleh, and SRC had forfeited the issue by failing to raise it in the trial court, we would address the issue on appeal because

---

[8]     Section 128.7 was modeled after rule 11, and federal decisions interpreting and applying rule 11 provide persuasive authority. (*Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1168-1169.)

whether Cooper failed to comply with the safe harbor provision is a pure question of law with no factual dispute.  (See *Martorana v. Marlin & Saltzman*, *supra*, 175 Cal.App.4th at pp. 699-700.)

We also reject Cooper's argument that *Banks v. Hathaway, Perrett, Webster, Powers & Chrisman* (2002) 97 Cal.App.4th 949 controls the outcome of this appeal.  In *Banks*, the trial court erred in concluding it lacked jurisdiction to hear the section 128.7 sanctions motions following an order sustaining a demurrer without leave to amend but before entry of judgment.  (*Banks*, at p. 951.)  The *Banks* court held an order sustaining a demurrer without leave to amend did not bar a section 128.7 sanctions motion unless the order had been reduced to a judgment before the sanctions motion is served and filed.  (*Banks*, at p. 954.)  *Banks* complied with the safe harbor provision, and the *Banks* court distinguished cases in which the moving party did not comply.  (*Id*. at p. 953.)  Here, the trial court made no jurisdictional finding, and Cooper did not comply with the safe harbor provision.  The trial court did not abuse its discretion in denying the sanctions motion.

2. *Order Denying Motion for Reconsideration*

Cooper contends the trial court erred in denying his motion for reconsideration on the grounds that his counsel was unfairly surprised by the court's denial of his sanctions motion for failure to comply with the safe harbor provision in section 128.7.  The denial of a motion for reconsideration is not an appealable order but is reviewable if the request for reconsideration is made from an appealable order.  (§ 1008, subd. (g); *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577.)

A trial court's ruling on a motion for reconsideration is reviewed for abuse of discretion.  (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.)  Section 1008 expressly prohibits the granting, or even consideration, of a motion for reconsideration unless it is "based upon new or different facts, circumstances, or law."  (§ 1008, subd. (a), (e).)  In addition, the moving party is generally required to show a satisfactory explanation for failure to present those new or different facts or law earlier.  (*McPherson v. City of Manhattan Beach* (2000) 78 Cal.App.4th 1252, 1265.)  "[S]ection 1008 gives the court

8

no authority when deciding whether to grant a motion to reconsider to 'reevaluate' or 'reanalyze' facts and authority already presented in the earlier motion." (*Crotty v. Trader* (1996) 50 Cal.App.4th 765, 771.)

Cooper's reliance on *Johnston v. Corrigan* (2005) 127 Cal.App.4th 553, and *Gravillis v. Coldwell Banker Residential Brokerage Co.* (2006) 143 Cal.App.4th 761, to support his argument that new circumstances exist to justify reconsideration is misplaced. In *Johnston*, reconsideration was proper because the trial court initially denied an attorney fees motion brought by a prevailing party on a special motion to strike (§ 425.16, subd. (c)) based upon its misperception that the requesting party did not file a memorandum of points and authorities to support its motion. (*Johnston v. Corrigan*, at pp. 555, 556.) In *Gravillis*, the trial court reversed its decision to deny the motion to compel arbitration without a hearing in response to the objections raised to the proposed statement of decision, presenting new circumstance that justified reconsideration. (*Gravillis v. Coldwell Banker Residential Brokerage Co.*, at pp. 772-773.)

In this case, Cooper presented no new circumstances. He focuses on the tentative ruling in which the court raised for the first time the issue of failure to comply with the safe harbor period in section 128.7 as the new circumstances that justify reconsideration. Whether the safe harbor period was satisfied is a legal question based upon undisputed facts, not a misunderstanding of the state of the record, or the failure to provide a hearing on the issue. Cooper had a full and fair hearing on the sanctions motion and presented no new or different facts, circumstances, or law to meet his burden under section 1008, subdivision (a). The trial court did not abuse its discretion in denying the motion for reconsideration.

3. *SRC's Request For Sanctions*

SRC filed a motion for sanctions against Cooper and/or his counsel because he filed a frivolous appeal. Cooper opposed the motion, contending his appellate arguments are meritorious. Whether to impose appellate sanctions is a matter within our discretion.

9

(E.g., *Winick Corp. v. County Sanitation Dist. No. 2* (1986) 185 Cal.App.3d 1170, 1181-1182.)

Section 907 and rule 8.276(a)(1) of the California Rules of Court provide for awarding sanctions by the reviewing court when the appeal is frivolous and taken solely to cause delay. "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) An appeal, however, that is simply without merit is not by definition frivolous. The line between a frivolous appeal and one that has no merit is vague, therefore the punishment of sanctions for a frivolous appeal should be used only to deter the most egregious conduct. (*Id*. at pp. 650-651.)

Although we have determined the appeal has no merit, the facts do not support a finding of egregious conduct justifying sanctions under the *Flaherty* standard. (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at pp. 649-651.) We therefore exercise our discretion not to impose sanctions on Cooper or his counsel.

DISPOSITION

The order denying sanctions is affirmed.  The motion on appeal for appellate sanctions is denied.  In the interests of justice, each party shall bear its own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KLEIN, P. J.

KITCHING, J.

11