KRUGER, J.,
Dissenting.—I agree with the majority that a plaintiff who receives a monetary settlement in exchange for the dismissal of her claims has received a “net monetary recovery,” and is therefore a “prevailing party” presumptively entitled to costs under Code of Civil Procedure section 1032, subdivision (a)(4). But by the terms of the statute, so, too, is the “defendant in whose favor . . . dismissal is entered.” (Code Civ. Proc., § 1032, subd. (a)(4) (section 1032(a)(4)).) Because both parties cannot be entitled to costs as of right, such cases are covered by the next sentence of the provision, which permits the trial court, “in situations other than as specified,” to determine which party has in fact prevailed and to allocate costs accordingly. (Ibid.) Thus the statute, as I read it, does not treat settling plaintiffs as automatically entitled to costs—no matter how minimal their recovery or how unmeritorious their claims—but permits courts to take into account special circumstances that may render a costs award inequitable or unjust. Because neither the trial court nor the Court of Appeal considered whether such circumstances are present here, I would reverse and remand for further consideration.
*1159 Section 1032(a)(4) defines the term “ ‘[prevailing party’ ” to include, as relevant here, “a defendant in whose favor a dismissal is entered.” {Ibid.) In ordinary usage, we say that a dismissal is entered in a defendant’s favor when entry of the dismissal is ‘“to the special advantage or benefit of’ that defendant. (Webster’s 3d New Internat. Dict. (2002) p. 830 [defining “in favor of’].) We thus generally refer to an order dismissing a plaintiff’s claims against a defendant as an order entered in that defendant’s favor. (See, e.g., Desai v. Farmers Ins. Exchange (1996) 47 Cal.App.4th 1110 [55 Cal.Rptr.2d 276]; Dominguez v. City of Alhambra (1981) 118 Cal.App.3d 237, 242 [173 Cal.Rptr. 345].) This is true regardless of the reason for the dismissal— whether pursuant to demurrer; the plaintiff’s voluntary abandonment of her claims; or, as in this case, a negotiated settlement. Indeed, it is difficult to know how else one would describe the dismissal at issue in this case. Surely we would not describe the dismissal of a plaintiff’s own claims as a dismissal entered in the plaintiff’s favor.
In reaching its contrary conclusion, the majority asserts, without further elaboration, that “[w]hen a defendant pays money to a plaintiff in order to settle a case, ... a dismissal pursuant to such a settlement is not a dismissal ‘in [the defendant’s favor].’ ” (Maj. opn., ante, at p. 1144; accord, id. at p. 1158.) Perhaps by this the majority means to suggest that a dismissal entered pursuant to a monetary settlement is not a dismissal that “favors” the defendant, because, as the majority elsewhere puts it, the plaintiff has also “achieved some litigation success through settlement of the case.” (Id. at p. 1153.) But section 1032(a)(4) does not speak of a dismissal “favoring” a defendant, it speaks of a dismissal “entered” in favor of a defendant. Even if a settlement calling for dismissal might not be wholly favorable to the defendant—e.g., because it also calls for the defendant to pay some amount of money—we would have to acknowledge that the resulting dismissal has nevertheless been entered in the defendant’s favor.
In any event, when parties agree to settle a dispute, it is generally because both sides believe that settlement is to their advantage. (Cf. Hazard, The Settlement Black Box (1995) 75 B.U. L.Rev. 1257, 1267 [“[T]he settlement area consists of a wide band of different prices at which it will benefit both parties to settle.”].) And as a practical matter, it is certainly not uncommon for the terms of a settlement to advantage the defendant far more than the plaintiff. If, for example, a plaintiff agrees to dismiss a million-dollar damages claim in exchange for a nuisance payment of $10, with no admission of liability, it would be difficult to dispute that the resulting dismissal was not only entered in the defendant’s favor, but was entered pursuant to a settlement “favorable” to the defendant as well.
In the end, the majority’s reading of section 1032(a)(4)’s dismissal clause rests not on the text of the provision, but on inferences about legislative intent *1160 based on the provision’s history. The majority reasons that section 1032, both as originally enacted in 1933 and as reenacted in 1986, was designed to codify existing case law concerning the status of defendants as prevailing parties, and “there is no indication that under the law that existed prior to 1986, a defendant who obtained a dismissal in exchange for a monetary payment to the plaintiff was considered a prevailing party for purposes of the costs statute.” (Maj. opn., ante, at p. 1151.)
Of course, as we have repeatedly made clear, the interpretation of a statute necessarily “begin[s] with its text, as statutory language typically is the best and most reliable indicator of the Legislature’s intended purpose.” (Larkin v. Workers’ Comp. Appeals Bd. (2015) 62 Cal.4th 152, 157 [194 Cal.Rptr.3d 80, 358 P.3d 552].) If the statutory text answers the question before us—as I believe it does here—dial is generally the end of the matter; if there is no ambiguity or uncertainty in the language, we need “not resort to legislative history to cloud a statutory text that is clear.” (Ratzlaf v. United States (1994) 510 U.S. 135, 147-148 [126 L.Ed.2d 615, 114 S.Ct. 655], fn. omitted; accord, People v. Cornett (2012) 53 Cal.4th 1261, 1265 [139 Cal.Rptr.3d 837, 274 P.3d 456] [“The plain meaning controls if there is no ambiguity in the statutory language.”].)
The legislative history on which the majority relies is not especially revealing in any event. The majority relies principally on the Court of Appeal’s observation in Chinn v. KMR Property Management (2008) 166 Cal.App.4th 175 [82 Cal.Rptr.3d 586] that Code of Civil Procedure section 1032, as originally enacted, “ ‘apparently codified case law interpreting a voluntary dismissal as a judgment in the defendant’s favor.’ ” (Maj. opn., ante, at p. 1151, quoting Chinn, supra, 166 Cal.App.4th at p. 187, and citing Spinks v. Superior Court (1915) 26 Cal.App. 793 [148 P. 798]; see also Catello v. I.T.T. General Controls (1984) 152 Cal.App.3d 1009, 1013 [200 Cal.Rptr. 4] [observing that the Legislature “ [undoubtedly” intended to thwart the danger of “unscrupulous plaintiff[s] with only a marginal chance at recovery . . . forcing the opposing party to engage in expensive discovery, only to dismiss the action prior to final judgment” when it became clear the case would yield an adverse judgment at trial].) From this the majority concludes that the Legislature must have intended to limit the reach of section 1032(a)(4)’s dismissal clause to circumstances comparable to those in Spinks, in order to address “the injustice that would result if a plaintiff who dismissed an unmeritorious action before judgment could evade an award of costs to compensate the defendant for the costs of preparing for trial.” (Maj. opn., ante, at p. 1152.)
But even if the Spinks scenario was the Legislature’s primary concern, that does not mean it was the Legislature’s only concern. Although legislators *1161 frequently draft legislation with a particular problem in mind, the statutes they enact “often go beyond the principal evil to cover reasonably comparable evils, and it is ultimately the provisions of our laws rather than the principal concerns of our legislators by which we are governed.” (Oncale v. Sundowner Offshore Servs. (1998) 523 U.S. 75, 79 [140 L.Ed.2d 201, 118 S.Ct. 998].) It may well be that the Legislature that enacted Code of Civil Procedure section 1032 was particularly concerned with the unfairness that would result from depriving defendants of a costs award when a plaintiff dismisses her unmeritorious claim at the 11th hour. But I see no clear basis for concluding that the Legislature did not also address the unfairness that would result from an inflexible rule requiring a settling defendant to pay the plaintiffs costs, no matter the circumstances of the case. Certainly to the extent there is any doubt on the subject, the text of the statute ought to control.
In short, I would conclude that the Legislature meant what it said: A defendant in whose favor a dismissal is entered—whether as a result of a monetary settlement or otherwise—is a “prevailing party” within the meaning of section 1032(a)(4). But to be clear, to say that a settling defendant is a “prevailing party” does not mean that it is the “prevailing party,” thereby entitled to payment of costs as of right. As the majority explains, the plaintiff is also a “prevailing party” within the meaning of section 1032(a)(4) because he or she has received a “net monetary recovery” in the form of settlement proceeds. (§ 1032(a)(4); see maj. opn., ante, at pp. 1153-1157.) Because both parties cannot be entitled to costs as of right, we must proceed to the next sentence of section 1032(a)(4), which provides: “When any party recovers other than monetary relief and in situations other than as specified, the ‘prevailing party’ shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides . . . .” “In cases where both parties achieved a status that Code of Civil Procedure section 1032 defines as a prevailing party, the action ‘falls into the “situation other than as specified” category, calling for an exercise of the trial court’s discretion’ ” to determine which party, if any, should receive costs. (Wohlgemuth v. Caterpillar Inc. (2012) 207 Cal.App.4th 1252, 1264 [144 Cal.Rptr.3d 545], quoting On-Line Power, Inc. v. Mazur (2007) 149 Cal.App.4th 1079, 1087 [57 Cal.Rptr.3d 698]; see § 1032(a)(4).)[1]
*1162 The majority suggests that this conclusion elevates form over substance insofar as it turns on whether the settlement agreement calls for a dismissal. The majority reasons that some settlement agreements will call for entry of judgment against a defendant and not dismissal of the action, yet both forms of agreement will result in the payment of money to the plaintiff and termination of the action. (Maj. opn., ante, at p. 1157.) But the difference between an agreement calling for a dismissal and one calling for the entry of judgment against the defendant is not a mere formality. Whether the settlement of the claim will result in a judgment against the defendant could have practical consequences for the parties and for that reason may frequently serve as an important point of negotiations. In any event, however we might judge the practical differences between agreements calling for dismissal and those calling for entry of judgment against a defendant, we are not entitled to overlook the plain language of the statute, which treats a defendant in whose favor a dismissal is entered as a “prevailing party.”
Recognizing a trial court’s discretion when cases are dismissed pursuant to a monetary settlement also serves the equitable objectives underlying Code of Civil Procedure section 1032. In the typical case, the majority is correct that the equities will favor the plaintiff who has achieved some measure of success through the settlement, and thus can reasonably expect to be compensated for her litigation costs. (Maj. opn., ante, at pp. 1152-1153.) But this will not invariably be so. It is, for example, a simple truth that defendants sometimes settle even frivolous lawsuits simply “because the cost of litigation—either financial or in terms of public relations—would be too great.” (Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources (2001) 532 U.S. 598, 617 [149 L.Ed.2d 855, 121 S.Ct. 1835] (cone. opn. of Scalia, J.); cf. Fisher v. Kelly (7th Cir. 1997) 105 F.3d 350, 352 [“[T]he mere fact that plaintiff obtained some recovery does not automatically make her a prevailing party because defendants often settle even meritless lawsuits.”].) If a plaintiff manages to extract a monetary recovery in settlement of a meritless lawsuit, hers is a brand of success we might hesitate to recognize as legitimate—and conduct we might hesitate to reward by entitling her to payment of costs.
As I read it, section 1032(a)(4) imposes no rigid requirement to award costs to a settling plaintiff in such circumstances. The statute instead permits trial courts to determine whether the equities of the case warrant deviation from the usual rule entitling a settling plaintiff to costs. It allows trial courts *1163 to allocate costs in a manner that takes into account whether, for example, the plaintiffs underlying claim is plainly frivolous, the plaintiffs recovery is de minimis, or the plaintiff’s success is otherwise clearly insubstantial relative to the nature and scope of the claims brought (and the costs incurred in prosecuting them). The inquiry would not require the trial court to “ ‘try the entire case.’ ” (Maj. opn., ante, at p. 1157.) Nor would it prevent parties from making their own arrangements with respect to the allocation of costs. (See ibid.; Code Civ. Proc., § 1032, subd. (c).) But in the absence of an express agreement, it would permit trial courts to refrain from awarding costs to settling plaintiffs in circumstances in which a costs award would be inequitable or unjust. Granted, this approach may not simplify procedures to the same extent as the majority’s rule. (Maj. opn., ante, at p. 1157.) But it is the approach that is most consistent with both the text of the statute and its underlying equitable purposes. To the extent the majority concludes otherwise, I respectfully dissent.
Werdegar, J., concurred.

 The Court of Appeal in this case did not disagree with this conclusion. The court explained that if defendant hospital “had qualified as a ‘prevailing party,’ this case could be among the ‘situations other than as specified’ for purposes of awarding mandatory costs,” and the court could “exercise discretion to determine which party prevailed based on the merits of the case.” The court ultimately concluded that the hospital did not qualify as a “prevailing party” within the meaning of section 1032(a)(4) because the settlement dismissed only some of plaintiff’s claims; the remainder of the claims were resolved through entry of judgment in defendant’s *1162 favor. But if a defendant would have been entitled to prevailing party status if it had negotiated dismissal of the entire action, it is not clear why, under the statute, the defendant should cease to be a prevailing party where, as here, it has negotiated dismissal of some claims and actually prevailed on the merits with respect to the remainder. (See § 1032(a)(4) [defining “ ‘[prevailing party’ ” to include both “a defendant in whose favor a dismissal is entered” and “a defendant as against those plaintiffs who do not recover any relief against that defendant”].)