Filed 3/26/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JONATHAN MANHAN et al.,<br><br>      Plaintiffs and Appellants,<br>v.<br><br>SHANNON GALLAGHER,<br><br>      Defendant and Respondent. | A158152<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC18563734) |

Plaintiffs Jonathan and Jordan Manhan appeal from an order of the trial court setting aside discovery sanctions they obtained against defendant Shannon Gallagher. Plaintiffs argue that because they filed a voluntary dismissal, the court lacked jurisdiction to reconsider and set aside the prior sanctions orders. We affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a landlord-tenant dispute regarding a residential lease. Plaintiffs filed suit against defendant alleging causes of action for breach of contract and bad faith retention of a security deposit on the ground that defendant wrongly withheld about $4,800 from their security deposit. During the litigation, plaintiffs filed motions to compel further responses to requests for admission and form interrogatories and requested sanctions. With regard to their motion to compel further responses to their request for admissions, plaintiffs sought $3,060 in monetary sanctions pursuant to Code of Civil Procedure sections 2023.030, subdivision (a), and 2033.290,

1

subdivision (d).[1]  With regard to their motion to compel further responses to their form interrogatories, plaintiffs requested $3,360 in monetary sanctions pursuant to sections 2023.030, subdivision (a), and 2030.300, subdivision (d). Plaintiffs claimed these amounts constituted the reasonable value for the time their attorney spent bringing the motions plus filing fees.  The requests for sanctions were supported by declarations from plaintiffs' counsel— associate attorney Matthew G. Whitten of the firm Brown, White and Osborn, located in Los Angeles—filed under penalty of perjury, stating that his billing rate in this particular matter was $300 per hour.

Minute orders for March 4, 2019 indicate the trial court granted both motions to compel and awarded the requested sanctions.  Written orders granting the sanctions against defendant and ordering her to pay plaintiffs were filed on March 20, 2019.

On April 15, 2019, plaintiffs filed a request for dismissal of the entire action without prejudice.  On the same day, defendant filed a motion for reconsideration or to set aside the aforementioned sanctions orders.  In her motion, defendant acknowledged that plaintiffs had moved to dismiss their lawsuit.  She explained the basis for her motion for reconsideration under section 1008 as follows:  on March 20, 2019, she learned from a declaration filed by plaintiffs' lead attorney, Thomas Brown, that counsel was representing plaintiffs "pro bono" and that plaintiffs incurred no legal fees in connection with their suit.  This was at odds with attorney Whitten's representation in support of the motions for sanctions that his billing rate in this matter was $300 per hour.  Alternatively, defendant asked the court to set aside the sanctions orders pursuant to section 473's provision for

[1]	All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

discretionary relief.  On this point, she claimed that her "due process rights were overstepped" because she was in pain when she came to court, impaired because of her pain and medications, and so mistakenly submitted to both motions and the requests for sanctions when she thought she was only submitting to the court's question regarding the first issue pertaining to the form interrogatories.

On May 2, 2019, defendant filed another declaration in support of her motion for reconsideration or to set aside, in which she noted that plaintiffs failed to file opposition to her motion and the time for doing so had elapsed. Accompanying this supplemental declaration was a copy of a notice of entry of dismissal showing the clerk entered the dismissal on April 18, 2019.

On May 6, 2019, plaintiffs filed a document entitled "objection to (1) defendant's notice of non-opposition and (2) defendant's supplemental declaration." (Capitalization omitted.)  Plaintiffs argued in part that the court had no jurisdiction to reconsider the previously imposed sanctions because plaintiffs dismissed their case.

On May 28, 2019, the trial court filed a written order indicating that it heard defendant's motion for reconsideration or to set aside the sanctions on May 23, 2019, "[c]ounsel Kenneth White appeared via court call for Plaintiff and indicated to the Court that there was no opposition to Defendant's Motion," and the court granted defendant's motion and set aside the sanctions orders.  The order further indicated it would continue hearing "State Bar Matters" to a different date.

Plaintiffs filed a brief with the trial court that shed light on this State Bar matter, explaining that the trial court, in its tentative ruling, indicated it was going to submit defendant's motion for reconsideration and the court's order to the State Bar.  In a declaration accompanying this brief, attorney

3

Brown explained, among other things: he is a partner at the firm; he has represented plaintiff Jonathan Manhan and his business entities in numerous legal matters over the last 20 years; he agreed to represent plaintiffs against defendant—and to do so without charge—in part because plaintiffs were unable to retain another attorney due to "the relatively small amount in dispute"; and Brown assigned the case to associate attorney Whitten without explaining that plaintiffs would not be charged, which is his typical practice because he wants associates to "devote the same amount of time and energy to all matters, whether a paying client or not." Brown asserted he reviewed the motions to compel, but did "not notice that it [*sic*] did not disclose the special fee arrangement." Brown stated it was his firm's usual practice to make clear their fee arrangement when seeking monetary sanctions as a prevailing party on a motion to compel, and he apologized for not making the nature of the fee arrangement clear.

Whitten filed his own declaration stating that when he filed the motions to compel and for sanctions he believed the standard fee arrangement between his firm and plaintiffs applied, and he was unaware they were representing plaintiffs without charge. Defendant filed a responsive brief and declaration.

A minute order dated June 21, 2019 states: "This matter was continued solely for the purpose of addressing the referral of Plaintiff's counsel to the Bar. The Court determines that based on the explanations provided in responsive declarations there was no intentional misrepresentation. The Court will not refer this matter to the Bar at this time. Counsel is admonished regarding representations to the Court without full understating [*sic*] of the facts or the law."

Plaintiffs filed a notice of appeal.

4

**DISCUSSION**

## A. Appealability

Initially, since this case is an appeal taken after a voluntary dismissal, and a voluntary dismissal is not appealable (*Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 975), we begin by examining the basis of our own jurisdiction.

Section 904.1, subdivision (b), provides: "Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." Case law has construed this statutory provision as permitting an appeal from sanctions orders after a voluntary dismissal. (*Eichenbaum v. Alon* (2003) 106 Cal.App.4th 967, 974.) We agree with this interpretation, conclude that we have jurisdiction, and turn to the merits.

## B. The Order Setting Aside the Discovery Sanctions

Plaintiffs' sole argument in this appeal is that the trial court lacked jurisdiction to set aside the previously imposed sanctions after plaintiffs filed a voluntary dismissal. We disagree.

Plaintiffs are correct that, as a general rule, a voluntary dismissal of an action deprives the court of both subject matter and personal jurisdiction in that case. (*Gogri v. Jack in the Box Inc.* (2008) 166 Cal.App.4th 255, 261.) Based on this general rule, "most orders entered after the dismissal are void and have no effect." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1022.) That said, "[n]otwithstanding this general principle, 'courts have carved out a number of exceptions to this rule in order to give meaning and effect to a former party's statutory rights.' [Citation.]

5

When a postdismissal or postjudgment motion involves collateral statutory rights, then the court may retain jurisdiction to determine and enforce those rights." (*Ibid.*)  As particularly relevant here, "[c]ourts have . . . held jurisdiction is retained postdismissal and postjudgment to decide motions for sanctions." (*Ibid.*; see *id.* at pp. 1023–1024.)

For instance, in *Frank Annino & Sons Construction, Inc. v. McArthur Restaurants, Inc.* (1989) 215 Cal.App.3d 353 (*Frank Annino*), the Court of Appeal found the trial court had jurisdiction to award sanctions to a defendant under section 128.5 after the plaintiff dismissed that defendant from the action.  (215 Cal.App.3d at pp. 357–359.)  In reaching this conclusion, the court noted, "[e]ven after a party is dismissed from the action he may still have collateral statutory rights which the court must determine and enforce." (*Id.* at p. 357.)  The court discussed *Spinks v. Superior Court* (1915) 26 Cal.App. 793, where that court held a defendant was entitled to a judgment for costs after the plaintiff voluntarily dismissed the action, observing, " 'it cannot be contemplated that the legislature, having provided authority and means for the securing of costs to litigants, intended to leave a defendant remediless against a plaintiff who chose to bring an action and put a defendant to great costs in preparing to meet the same and then dismiss the suit.' " (*Frank Annino*, at pp. 357–358.)  The court in *Frank Annino* reasoned, "[t]he sanctions statute serves much the same purpose as awarding costs to the defendant in *Spinks*:  to discourage parties and their attorneys from engaging in bad faith tactics and to compensate a party victimized by such tactics.  [Citation.]  If one party engages in bad faith tactics against another party, there is no basis in logic or public policy to deny the victim the remedy of sanctions simply because, through the bad actor's own doing, the victim is no longer a party." (*Id.* at p. 358.)

6

In *Pittman v. Beck Park Apartments Ltd.*, *supra*, 20 Cal.App.5th 1009, the Court of Appeal held the trial court did not lose jurisdiction to declare a plaintiff a vexatious litigant after a voluntary dismissal. (*Pittman*, at pp. 1021, 1024–1025.) Relying on cases such as *Frank Annino*, the court reasoned that "[l]ike a motion for attorney fees or sanctions, a motion to declare a self-represented plaintiff a vexatious litigant deals with an ancillary issue and has no bearing on the finality of the judgment or dismissal." (*Id.* at pp. 1023–1024.) The retention of jurisdiction to decide a vexatious litigant motion is consistent with the purpose of the statutes, i.e., to curb misuse of the court system and conserve the resources of the courts and litigants. (*Id.* at p. 1024.) Moreover, dismissal does not rectify the harm done by the filing of a groundless action or extinguish the court's interest in protecting its own resources. (*Ibid.*)

Here, the case at hand concerns statutory sanctions, the imposition and reconsideration of which was a collateral issue not directly based on the merits of the underlying proceeding. (*Day v. Collingwood* (2006) 144 Cal.App.4th 1116, 1125.) That a court retains jurisdiction to decide a motion for reconsideration of sanctions is consistent with critical functions that reconsideration performs, such as allowing courts to correct errors and thereby prevent miscarriages of justice, and pressuring litigants to use great care in presenting motions and ascertaining the facts. (See *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 768; *Blue Mountain Development Co. v. Carville* (1982) 132 Cal.App.3d 1005, 1012 [" ' "Public policy requires that pressure be brought upon litigants to use great care in preparing cases for trial and in ascertaining all the facts." ' "].) There is no sound basis in logic or public policy to deny a remedy to a party burdened with sanctions obtained through misrepresentation (whether or not intentional) simply because a

7

plaintiff dismisses an action.  Disallowing reconsideration when sanctions are based on misrepresentations plainly violates a reasonable sense of justice and fair play.  (*Frank Annino*, *supra*, 215 Cal.App.3d at p. 359.)

We thus conclude a trial court's authority to reconsider sanctions survives even after a plaintiff voluntarily dismisses an action.  Plaintiffs raise no other challenges to the propriety of the subject order and so we end our discussion here.

## DISPOSITION

The order of the trial court setting aside the discovery sanctions is affirmed.  Because defendant did not appear in this appeal, no costs are awarded.

_____
Fujisaki, Acting P.J.

WE CONCUR:


_____
Petrou, J.


_____
Wiseman, J.*


A158152


_____
*      Retired Associate Justice of the Court of Appeal, Fifth Appellate
District, assigned by the Chief Justice pursuant to article VI, section 6 of the
California Constitution.

9

**<u>Manhan et al. v. Gallagher</u>**

(A158152)

Trial Court: City and County of San Francisco

Trial Judge: Charles F. Haines

Attorneys:

Brown, White & Osbourn, Kenneth B. White, Thomas M. Brown for Plaintiffs and Appellants.

Shannon Gallagher, in pro. per., for Defendant and Respondent.