[No. B158073. Second Dist., Div. Eight. Mar. 4, 2003.]

YOSSI EICHENBAUM, Plaintiff and Appellant, v.
BILA ALON, as Trustee, etc., Defendant and Respondent;
SCOTT LEE SHABEL et al., Objectors and Appellants.

**COUNSEL**

Law Offices of Scott Lee Shabel and Scott Lee Shabel for Plaintiff and Appellant and for Objectors and Appellants.

Beck, De Corso, Daly & Kreindler, Joel T. Kornfeld, Edward E. Alon and Maryann R. Marzano for Defendant and Respondent.

## OPINION

**COOPER, P. J.**—In this appeal from an order imposing sanctions under Code of Civil Procedure section 128.7 (undesignated section references are to that code), we hold that plaintiff's voluntary dismissal of his action with prejudice, after defendant's motion for sanctions had been filed and taken under submission, did not deprive the trial court of authority to grant the motion and impose sanctions on plaintiff and his attorneys (appellants), for presenting an improper amended complaint. Because the sanctions order was both authorized and not an abuse of discretion, we affirm it.

### FACTS

Plaintiff, Yossi Eichenbaum, filed his first amended complaint in the underlying action[1] against the Alon-Eichenbaum Limited Partnership (partnership) and Barry Alon, who with plaintiff had been a general partner in the partnership upon its formation in 1986. As here relevant, the first amended complaint alleged that Barry Alon had transferred his 40 percent general partner's interest to plaintiff in 1992, but in 1998 had disclaimed the transfer, on grounds that it had not been approved by a majority of the partnership, as the partnership agreement allegedly required, and that a critical document reflecting the transfer had been altered. Plaintiff sought declaratory relief as to his ownership of Barry Alon's interest, as well as other relief from the partnership.

Barry Alon died shortly after the first amended complaint was filed. Plaintiff thereafter filed a request to enter Barry Alon's default. In response, defendant-respondent Bila Alon (defendant), trustee of the Alon Family Revocable Trust (trust), filed a motion to be substituted in Barry Alon's place, with a showing that before his death he had transferred all of his interest in the partnership to the trust. The court ordered the substitution, and the default was set aside by stipulation. Concurrently, the court sustained defendant's demurrer to the first amended complaint, granting plaintiff leave to amend to allege that Barry Alon's assignment to him had been oral, not written, and had been appropriately approved "by a majority, as required by the partnership agreement."

Plaintiff filed a second amended complaint (SAC), which named as defendants not only the partnership and defendant, but also the deceased

---

[1]The original complaint does not appear in the record.

Barry Alon. Defendant demurred to the SAC, urging that plaintiff had inadequately alleged both the claimed oral contract and approval of the transfer by a majority of the partnership in accordance with the partnership agreement. (Plaintiff had alleged simply that "The Partnership approved the transfer . . . .") The court agreed, and sustained the demurrer, with leave to amend. Simultaneously, it granted defendant's motion to strike all language from the second amended complaint that continued to name Barry Alon as a defendant. The court made this order "without leave to amend."

In a third amended complaint, plaintiff nevertheless again named Barry Alon as a defendant. Plaintiff refashioned his claims against "defendant Alon," first alleging breach of an oral contract by both Barry Alon and defendant, and then seeking declaratory relief. Defendant again demurred and moved to strike the references to Barry Alon. The court sustained the demurrer and granted the motion. The court held that the cause of action for breach of oral contract was defective because plaintiff had not alleged that defendant was successor in interest to Barry Alon's personal agreements. Furthermore, the claim was barred by the statute of limitations (§ 339, subd. 1) because the first alleged breach, in 1998, had occurred more than two years before the filing of even the second amended complaint (in which plaintiff had first claimed an oral agreement). The declaratory relief claim once more failed sufficiently to allege that the transfer had been accomplished in compliance with partnership agreement requirements, including that appropriate amendments to that agreement be filed. The court once more granted leave to amend.

Plaintiff then filed a verified fourth amended complaint (FAC), for fraud and declaratory relief, which precipitated the sanctions motion presently at issue. The FAC named as defendants the partnership, defendant, and Barry Alon. The fraud cause of action, asserted solely against Barry Alon, alleged that he had transferred his interest in the partnership to plaintiff in 1992, with approval of a partnership majority. Barry Alon had represented he would transfer his interest to plaintiff in exchange for extinguishment of a debt. The representation was false, but in reliance on it plaintiff forwent Barry Alon's debt. Barry Alon repudiated his transfer in 1998, after plaintiff could no longer sue on the debt. Defendant was alleged to have joined in this repudiation. The cause of action also averred that plaintiff had complied with all requirements of the partnership agreement respecting the transfer. In this regard, plaintiff specifically alleged that the requirements for majority approval and amendment of the partnership agreement that the court had previously identified did not apply to the transfer to him. The FAC's second cause of action sought a declaration of plaintiff's ownership of the transferred share of the partnership, and his entitlement to an appropriate share of its profits and distributions.

Defendant responded to the FAC with a demurrer, a motion to strike (again concerning the inclusion of Barry Alon as a defendant), and two motions for sanctions. The first such motion, pursuant to section 177.5, requested that plaintiff and his attorneys each be ordered to pay the County of Los Angeles $1,500, for having violated the two prior court orders striking from the pleadings references to Barry Alon as a defendant.[2] The second motion, under section 128.7, asserted that plaintiff and his attorneys had violated subdivision (b)(1), (2), and (3) of that statute[3] by submitting the FAC, in that it (1) included Barry Alon as a defendant; (2) sought punitive damages against that decedent; (3) asserted causes of action against him, including the entirely new one for fraud, which had been filed without leave of court; (4) failed to allege—as plaintiff was incapable of alleging—compliance with the partnership agreement; and (5) falsely alleged (to defeat the statute of limitations) that plaintiff had had no knowledge of the alleged falsity of Alon's transfer until 1998, whereas Alon's lawyer had notified plaintiff in 1996 that Alon denied the transfer. Defendant requested an award of attorney fees and costs, from plaintiff and his attorneys, both for the sanctions motion and for the demurrer and motion to strike the FAC, at that point totaling $2,268 and $4,056 respectively.

The section 128.7 motion was hand-served on plaintiff on December 7, 2001. Plaintiff did not withdraw or correct the FAC within the next 30 days, the "safe harbor" period then provided by section 128.7, subdivision (c)(1), and defendant then filed the notice of motion.[4] Both sanctions motions were heard on January 29, 2002. The court granted the motion under section 177.5, and took the section 128.7 motion under submission.

---

[2]The motion noted that at the hearing on the demurrer to the SAC, the court had informed counsel, "You don't have leave to amend references references to Barry Alon as a defendant." Counsel had replied, "I understand. . . ."

[3]Subdivision (c) of section 128.7 authorizes imposition of sanctions on attorneys or parties who have violated subdivision (b) of the section. Subdivision (b) relevantly provides: "By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met: [¶] (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. [¶] (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. [¶] (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . . ."

[4]Under subdivision (c)(1) of section 128.7, a party moving for sanctions initially serves but does not file the notice of motion. The motion may not be filed unless the paper under challenge "is not withdrawn or appropriately corrected" within 21 days after service of the notice of motion. This grace or "safe harbor" period for avoiding a section 128.7 motion was shortened from 30 days effective this year.

On February 11, 2002, shortly before the scheduled hearing date of defendant's demurrer and motion to strike, plaintiff filed a request for dismissal of the FAC, without prejudice. The court accordingly placed the demurrer and motion to strike off calendar, as moot.[5] The court then ordered further briefing concerning whether, in view of the voluntary dismissal, it possessed jurisdiction to grant the section 128.7 motion. On February 25, 2002, during the briefing process, plaintiff filed a request for dismissal of the FAC with prejudice, which was entered that day.

Following briefing, the court on March 11, 2002, granted the motion for sanctions under section 128.7. In an extensive minute order, the court ruled that the FAC violated section 128.7, subdivision (b) in the several respects defendant had assigned. Among other things, the court found that plaintiff's persistence in summarily asserting that the transfer to him had been approved by the partnership majority, without alleging the necessary facts, amounted to an argument that the court's previous rulings were wrong, which should not have been asserted in an amended pleading. As for the amount of sanctions, the court found that $2,268 (as claimed before the supplemental briefing) constituted reasonable attorney fees and costs for the sanctions motion, but that only $2,000 (as opposed to the $4,056 claimed) was reasonable with respect to the demurrer and motion to strike. The court found that "these sanctions will deter Plaintiff and Plaintiff's counsel from a repetition of their conduct." (See § 128.7, subd. (d).)

Finally, the court held that the voluntary dismissals of the action had not deprived it of authority to impose sanctions. The court noted that "The Plaintiff and his counsel did not utilize the safe harbor period to withdraw the [FAC] and avoid sanctions. Instead, they opposed all of Defendant's motions and demurrer . . . , putting the Defendant through the time and expense of replying to the oppositions and attending the hearings on the motions for sanctions. . . ."

## DISCUSSION

■ We initially address certain issues of appellate jurisdiction, which defendant raises. Section 904.1, subdivision (a)(11) and (12), authorizes appeals from orders directing parties or their attorneys to pay monetary sanctions, "if the amount exceeds five thousand dollars ($5,000)." On the

---

[5]Appellants' repeated insistence that the court actually sustained the demurrer and motion to strike, after the voluntary dismissal, finds no support in the record.

other hand, "Sanctions orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action," or, at the Court of Appeal's discretion, by extraordinary writ petition. (§ 904.1, subd. (b).) Defendant contends that the present sanctions order does not come within either qualification for appeal, because it does not exceed $5,000, and there was no "final judgment in the main action," which was voluntarily dismissed. Defendant accordingly urges that the appeal be dismissed.

We believe that appellants are presently entitled to appellate review. Section 904.1 preserves the right of appeal from sanctions orders, but requires that review of those not exceeding $5,000 be deferred until an appeal after the end of the action. Although the statute (§ 904.1, subd. (b)) speaks of an appeal after entry of final judgment, the manifest policy, of deferring appellate review of a lesser sanctions order to the conclusion of the case in the trial court, is satisfied once the action has been voluntarily dismissed with prejudice. Moreover, even if a different construction of section 904.1, subdivision (b) were appropriate, the interests of justice would warrant resolving this fully briefed appeal—which defendant did not earlier move to dismiss—by treating it as a petition for extraordinary writ, as permitted by the same subdivision.

Defendant also contends that because the notice of appeal named as appellant only plaintiff, not his counsel, we lack jurisdiction to review the sanctions order insofar as it applies to counsel. Division Two of this court so ruled in *Taylor v. Varga* (1995) 37 Cal.App.4th 750, 761, footnote 12 [43 Cal.Rptr.2d 904]. On the other hand, in *Kane v. Hurley* (1994) 30 Cal.App.4th 859, 861, footnote 4 [35 Cal.Rptr.2d 809], Division Five of this court, applying the doctrine of liberal construction of a notice of appeal (e.g., Cal. Rules of Court, rule 1(a)(2)), deemed a notice that named only a party to include his attorney, who had filed the notice and against whom the sanctions had been assessed. We consider that course appropriate here.

■ Turning to the merits of the sanctions award, appellants' primary contention is that the trial court was not empowered to impose sanctions under section 128.7 after plaintiff dismissed the action with prejudice. ■■ The trial court rejected this contention, interpreting the statute based on both intrinsic policy considerations and United States Supreme Court authority construing the parallel sanctions provisions of rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.) (rule 11). (*Cooter &*

*Gell v. Hartmarx Corp.* (1990) 496 U.S. 384 [110 S.Ct. 2447, 110 L.Ed.2d 359] (*Cooter & Gell*).)[6] We agree with the trial court's conclusion.

The availability of section 128.7 sanctions against an offending plaintiff that has voluntarily dismissed its action depends upon whether the sanctions motion was filed before or after the dismissal. *Hart v. Avetoom* (2002) 95 Cal.App.4th 410 [115 Cal.Rptr.2d 511] (*Hart*) recently held that a defendant could not obtain section 128.7 sanctions by filing a motion for them after a voluntary dismissal. The court held that to allow such a motion "would completely defeat the purpose of the safe harbor provision." (*Hart, supra*, at p. 414.) Moreover, the court noted, "It is difficult to imagine a more 'appropriate correction' than voluntary dismissal." (*Hart, supra*, at p. 415; see § 128.7, subd. (c)(1).)

*Hart, supra*, 95 Cal.App.4th 410, followed a consistent line of authority to the effect that a motion for sanctions under section 128.7 may not be instituted after the termination of an action. (E.g., *Barnes v. Department of Corrections* (1999) 74 Cal.App.4th 126 [87 Cal.Rptr.2d 594]; see *Banks v. Hathaway, Perrett, Webster, Powers & Chrisman* (2002) 97 Cal.App.4th 949 [118 Cal.Rptr.2d 803].) But the relevant considerations point exactly the opposite in a case, such as this one, where a voluntary dismissal is taken after a motion for section 128.7 sanctions has been brought. In such a case, the defendant moves for sanctions only after the plaintiff has been allowed the 21-day (formerly 30-day) safe harbor to rectify its sanctionable conduct, but has not done so. In these circumstances, belated abandonment of the case does not fulfill the object of the statute, and the policies favoring allowance of sanctions remain extant notwithstanding the dismissal. (Cf. *Banks, supra*, 97 Cal.App.4th at pp. 953-955.)

The text of section 128.7 supports this construction. Referring to the authority of the court under subdivision (c)(2) to initiate sanctions proceedings on its own motion, subdivision (d)(2) states: "Monetary sanctions may not be awarded on the court's motion unless the court issues its order to show cause before a voluntary dismissal . . . ." The plain implication of this language is that sanctions may indeed be awarded if a voluntary dismissal comes after a sanctions motion is filed.

In *Cooter & Gel, supra*, 496 U.S. 384, the United States Supreme Court also held that a trial court had jurisdiction to grant a sanctions motion, under rule 11, notwithstanding that the plaintiff had voluntarily dismissed the case

---

[6] "[S]ection 128.7 is modeled . . . on rule 11 . . . . In examining the provisions of section 128.7, California courts may look to federal decisions interpreting the federal rule. [Citations.]" (*Laborde v. Aronson* (2001) 92 Cal.App.4th 459, 467 [112 Cal.Rptr.2d 119].)

after the motion was filed. Although *Cooter & Gell* involved a prior version of rule 11, which did not contain a safe harbor provision, the high court's observations quoted below remain instructive.[7]

Appellants' arguments against application of the foregoing principles here are unsound. Appellants stress that the voluntary dismissal in *Cooter & Gell, supra,* 496 U.S. 384, was without prejudice, whereas here plaintiff ultimately dismissed his FAC with prejudice (after first doing so without prejudice). The distinction is not relevant. Where timely, a voluntary dismissal without prejudice is sufficient to *preclude* a later motion for sanctions. (*Hart, supra,* 95 Cal.App.4th at pp. 412, 414-415.) But an untimely dismissal, with prejudice or without, is not. Although appellants urge that sanctions cannot serve their deterrent purpose (see § 128.7, subd. (d)) where the action has been dismissed with prejudice, this reflects a misundersanding of the statute. Sanctions under section 128.7 are calculated "to deter repetition of this conduct or comparable conduct by others similarly situated." (§ 128.7, subd. (d).) Their function "to deter frivolous filings" (*Barnes v. Department of Corrections, supra,* 74 Cal.App.4th at p. 133) is not limited to guiding the course of the case in which they are awarded.

In the present case, appellants were given the full latitude of the safe harbor period. They ignored it, and did not withdraw their FAC, by dismissal, until after the sanctions motion had been filed, argued, and submitted for decision. For the reasons discussed above, the voluntary dismissals did not deprive the court of power to grant the motion.

■ Appellants next contend that their cited conduct did not warrant imposition of sanctions. Appellants again misunderstand section 128.7, as well as the impropriety of their conduct. First, sanctions under section 128.7 are not limited to the filing of papers that violate all of the requirements of subdivision (b). The subdivision requires that "all of the following conditions [be] met." A violation of any of them may give rise to sanctions. (§ 128.7, subd. (c).) As for the violations here, appellants' claim that their assertion of a fraud cause of action against the decedent Barry Alon was not precluded by the orders striking all references to him from prior declaratory relief causes of action not only is facile, but also does not account for the frivolousness of any claim against a deceased individual. Moreover, appellants' argument that plaintiff was entitled to consider Barry Alon's 1996

---

[7]"[A] voluntary dismissal does not eliminate the Rule 11 violation. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal." (*Cooter & Gell, supra,* 496 U.S. at p. 398 [110 S.Ct. at p. 2457].)

disclaimer of the transfer "withdrawn" until 1998 does not come to grips with the misleading nature of the FAC's allegation that plaintiff "had no knowledge that . . . Alon intended to repudiate his transfer" until then. It was not an abuse of discretion for the trial court to find that the FAC violated section 128.7, subdivision (b).

Citing the advisory committee note to rule 11 as amended in 1993 (Advisory Com. notes, 1993 amends. Fed. Rules Civ.Proc., rule 11 (28 U.S.C.) 146 F.R.D. 401, 587-588), appellants contend that section 128.7 strongly favors monetary sanctions payable to the court, rather than awards of attorney fees to the moving party. Having been assessed (and assertedly having paid) such penalties under section 177.5, appellants contend that they should not have been further sanctioned by way of attorney fees. But more than half of the sanctions here at issue were awarded under section 128.7, subdivision (c)(1), which specifically authorizes an award of attorney fees for the sanctions motion itself. And the rest of the attorney fee sanctions ($2,000) were admittedly authorized by subdivision (d) (the counterpart of rule 11(c)(2)), and were carefully limited by the court, in relation to defendant's request for more than twice as much. Once again, we do not see an abuse of discretion in the court's award.

Appellants finally contend that it was improper to award any attorney fees, as sanctions or otherwise, because defendant was represented by a law firm that included her son as principal counsel on the case, and she was not obligated to pay any fees for that representation—even though, according to her counsel's declaration, the fees and costs had been "incurred." Appellants present this argument without any supporting proof, and that requires its rejection. (And see *Laborde v. Aronson, supra,* 92 Cal.App.4th 459, 467-469 [party-attorney who has not incurred liability for attorney fees may be awarded fees as sanctions under § 128.7, subd. (d)].)

### DISPOSITION

The order imposing sanctions is affirmed. The parties shall bear their own costs.

Rubin, J., and Boland, J., concurred.